UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

TVONN TSHAWN GULLY,

    Petitioner,

v.                                              Case No. 5:25-cv-23-JSS-PRL

WARDEN, USP COLEMAN I,

    Respondent.
_____/

**ORDER**

Petitioner, Tvonn Tshawn Gully, seeks a writ of habeas corpus under 28 U.S.C. § 2241.[1] (Dkt. 3.) The petition is before the court for preliminary review. *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.[2] This court must "promptly examine" a habeas petition and dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]" *Id.* This petition is due to be dismissed because the court lacks subject matter jurisdiction.

Habeas corpus is the "exclusive remedy" for prisoners seeking "immediate or speedier release from confinement." *Skinner v. Switzer*, 562 U.S. 521 (2011); *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005). Typically, collateral attacks on the validity of a

---

[1] Petitioner is a federal inmate serving a seventy-nine-month sentence for conspiracy to distribute a controlled substance under 21 U.S.C. §§ 841(a)(1), (b)(1)(D), 846 and possession of a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c)(1). (Dkt. 3 at 9–10.)

[2] These rules also apply to section 2241 petitions. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.

federal conviction or sentence must be brought under 28 U.S.C. § 2255. *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003). Challenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under 28 U.S.C. § 2241. *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008).

Petitioner challenges the "validity of the marijuana laws" under which he was convicted. (Dkt. 3 at 4, 6.) Thus, Petitioner does not contest the execution of his sentence, but instead contests its legality. *See, e.g.*, *Acosta v. Warden, FCC Coleman-Medium*, 686 F. App'x 836, 837 (11th Cir. 2017); *Young v. Warden, FCC Coleman - Medium*, No. 5:16-CV-737-OC-10PRL, 2017 WL 11621319, at *1 (M.D. Fla. Apr. 28, 2017); *Vargas v. Whitaker*, No. CV 321-059, 2021 WL 6805806, at *2 (S.D. Ga. Dec. 16, 2021), *report and recommendation adopted sub nom. Vargas v. Stone*, No. CV 321-059, 2022 WL 347612 (S.D. Ga. Feb. 4, 2022). Consequently, § 2255, not § 2241, is the appropriate statutory vehicle for Petitioner's claim unless he can satisfy the "saving clause." *See McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017).

The saving clause is triggered when a prisoner's remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). A motion under § 2255 "is inadequate or ineffective . . . only when it cannot remedy a particular kind of claim." *McCarthan*, 851 F.3d at 1099. "Traditionally, courts have treated the saving clause as covering unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief" such as "the sentencing court's

dissolution." *Jones v. Hendrix*, 599 U.S. 465, 474 (2023) (citations omitted). Petitioner does not allege any circumstances that would demonstrate the application of the saving clause. (*See* Dkt. 3 at 4.) Because Petitioner fails to demonstrate the applicability of the saving clause, this court lacks jurisdiction to adjudicate his § 2241 petition on the merits. *See* Rule 4, Rules Governing § 2254 Cases in the United States District Courts.

Accordingly, the Amended Petition for Writ of Habeas Corpus (Dkt. 3) is **DISMISSED**. The Clerk is directed to close this case.

**ORDERED** in Orlando, Florida on April 17, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Tvonn Tshawn Gully
24156-509
FCI Coleman I
P.O. Box 1033
Coleman, FL 33521